**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

Emory Group, LLC,

            Plaintiff,

    vs.

South By Sea, LLC, d/b/a
Shirts for Greeks, and
Brandon Metcalf,

          Defendants.

**COMPLAINT**

6:15-cv-01856-MGL

Jury Trial Demanded

Plaintiff Emory Group, LLC alleges the following in its Complaint against Defendants South By Sea, LLC doing business as Shirts for Greeks, and Brandon Metcalf:

### THE PARTIES

1.    Plaintiff Emory Group ("Emory") is a limited liability company formed under the laws of the State of South Carolina, with a principal place of business in Spartanburg, South Carolina.

2.    Defendant South by Sea, LLC is a limited liability company formed under the laws of the State of Washington, with a principal place of business in Edmonds, Washington.  Defendant South By Sea, LLC, at times relevant to this action, has done business under the trade name "Shirts for Greeks."  Defendant South By Sea, LLC is the successor to an entity known as Destiny Collective, LLC, which also did business as "Shirts for Greeks."  Defendants South By Sea, LLC and its trade name "Shirts for Greeks" shall collectively be referred to as "SFG" herein.

1

3.      Defendant Brandon Metcalf ("Metcalf") is, upon information and belief, the principal, controlling owner, and operator of SFG, residing in the State of Washington and/or the State of Tennessee.

4.      Both of the defendants are jointly and severally liable for the infringement alleged herein, as a matter of direct, contributory, and vicarious liability.

## JURISDICTION AND VENUE

5.      This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 et seq. and for false advertising and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a).

6.      This Court has federal question jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), and 1338(b), and 15 U.S.C. § 1121 for the claims arising under the Lanham Act and Copyright Act, as those claims arise under the laws of the United States.

7.      This Court has personal jurisdiction over the defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that the defendants conduct business in this District, and acts of infringement complained of herein occurred in this District.

## FACTUAL BACKGROUND

### Emory and Its Original Works

8.      Emory is engaged in the business of creating, designing, producing, distributing, and marketing apparel, merchandise, and related accessories for Greek-

letter fraternities and sororities at campuses across the United States. Emory has achieved national recognition for the high quality and originality of its works.

9. Emory has developed a number of designs that it uses on its apparel and other products (the "Emory Designs").

10. The Emory Designs contain material wholly original to Emory that is copyrightable subject matter under 17 U.S.C. §§ 101, *et seq.*

11. Emory is currently, and at all relevant times has been, the sole owner of all right, title and interest in and to the copyrights in the Emory Designs.

12. All lawful copies and distributions of the Emory Designs have been made by Emory, or under Emory's consent or permission.

13. The Emory Designs have been marketed, advertised, distributed, and sold on a national basis in the United States, and the defendants have had access to them.

## THE DEFENDANTS AND THEIR ACTIONS

14. SFG is a direct competitor of Emory, and is in the business of manufacturing, marketing, advertising, and selling apparel and accessories (such as totes, hats, bags, glassware, cups, and beverage insulators) to Greek-letter fraternities and sororities through traditional print media, electronic media, and the Internet, as well as through "Chapter Representatives" on college campuses throughout the United States. Such "Chapter Representatives" are student members of individual Greek-letter organizations.

15. On information and belief, SFG conducts business over the Internet through its websites shirtsforgreeks.com and southbysea.com.

16.    Defendant Metcalf has and has had a financial interest in the affairs and activities of SFG.

17.    Defendant Metcalf controls and has controlled, and has and has had, the power, ability, and authority to control the affairs and activities of SFG.

18.    Defendant Metcalf supervises and has supervised and has and has had the power, ability, and authority to supervise the affairs and activities of SFG.

19.    The defendants have violated and, upon information and belief, continue to violate Emory's exclusive rights in the Emory Designs (including the right to reproduce, the right to prepare derivative works, and the right to distribute) by copying, publishing, distributing, advertising, marketing, and/or selling, in the marketplace in this District, and all marketplaces reached by the Internet, designs which were copied or otherwise derived from the Emory Designs.

20.    The defendants have no license, consent, or permission to use or exercise Emory's exclusive rights in the Emory Designs.

21.    The defendants display an archive of designs on its websites, representing such designs as original to defendants when they are not.  Defendants promote their products with the representation that all design artwork is "free" and included in the price of products sold.

22.    The parties print materials on their respective products that are owned by National Greek organizations and colleges.  Emory, as a legitimate and licensed company, pays required royalties and license fees to these National Greek organizations and colleges.

23.    Upon information and belief, defendants do not pay all the license fees and royalties to print materials owned by National Greek organizations or colleges, and thus are able to offer their infringing products at a lower price than Emory.

## CLAIM ONE

## INFRINGEMENT OF COPYRIGHTS

24.    Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

### First Cause of Action:  14112 Design Copyright Infringement

25.    Prior to January 1, 2013, Plaintiff created an original design shown below and hereinafter referred to as the "14112 Design."



26.     The 14112 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

27.     Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 14112 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-936-595, attached as Exhibit A-1.

28.     Plaintiff has published the 14112 Design, and all copies of the 14112 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

29.     Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 14112 Design.

30.     Defendants have had access to Plaintiff's copyrighted 14112 Design.

31.     Defendants have distributed and/or sold in the United States products with the design as depicted below.



32.    The design depicted above is a copy of Plaintiff's copyrighted 14112 Design.

33.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 14112 Design.

34.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 14112 Design.

35.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 14112 Design.

**<u>Second Cause of Action: 4200 Design Copyright Infringement</u>**

36.     Prior to January 1, 2013, Plaintiff created an original design shown below and hereinafter referred to as the "4200 Design."



37.     The 4200 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

38.     Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 4200 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-938-344, attached as Exhibit A-2.

39.     Plaintiff has published the 4200 Design, and all copies of the 4200 Design made by Plaintiff or under its authority or license have been published in strict

conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

40.    Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 4200 Design.

41.    Defendants have had access to Plaintiff's copyrighted 4200 Design.

42.    Defendants have distributed and/or sold in the United States products with the design as depicted below, known as South By Sea design id 10308.



43.    The design depicted above is a copy of Plaintiff's copyrighted 4200 Design.

44.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 4200 Design.

45.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 4200 Design.

46.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 4200 Design.

### Third Cause of Action: 9145 Design Copyright Infringement

47.    Prior to January 1, 2012, Plaintiff created a design shown below and hereinafter referred to as the "9145 Design."



48.    The 9145 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

49.     Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 9145 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-936-591, attached as Exhibit A-3.

50.     Plaintiff has published the 9145 Design, and all copies of the 9145 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

51.     Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 9145 Design.

52.     Defendants have had access to Plaintiff's copyrighted 9145 Design.

53.     Defendants have distributed and/or sold in the United States products with the design as depicted below.



54.    The design depicted above is a copy of Plaintiff's copyrighted 9145 Design.

55.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 9145 Design.

56.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 9145 Design.

57.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 9145 Design.

**Fourth Cause of Action: 15029 Design Copyright Infringement**

58.     Prior to August 26, 2011, Plaintiff created an original design shown below and hereinafter referred to as the "15029 Design."



59.     The 15029 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

60.     Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 15029 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-936-929, attached as Exhibit A-4.

61.     Plaintiff has published the 15029 Design, and all copies of the 15029 Design made by Plaintiff or under its authority or license have been published in strict

conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

62.    Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 15029 Design.

63.    Defendants have had access to Plaintiff's copyrighted 15029 Design.

64.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



65.    The design depicted above is a copy of Plaintiff's copyrighted 15029 Design.

66.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 15029 Design.

67.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 15029 Design.

68.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 15029 Design.

### Fifth Cause of Action: 35038 Design Copyright Infringement

69.    Prior to January 1, 2011, Plaintiff created an original design shown below and hereinafter referred to as the "35038 Design."



70.    The 35038 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

71.    Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 35038 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-940-990, attached as Exhibit A-5.

72.     Plaintiff has published the 35038 Design, and all copies of the 35038 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

73.     Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 35038 Design.

74.     Defendants have had access to Plaintiff's copyrighted 35038 Design.

75.     Defendants have distributed and/or sold in the United States products with the design as depicted below.



76.     The design depicted above is a copy of Plaintiff's copyrighted 35038 Design.

77.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 35038 Design.

78.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 35038 Design.

79.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 35038 Design.

### Sixth Cause of Action: 2059 Design Copyright Infringement

80.    Prior to January 1, 2011, Plaintiff created an original design shown below and hereinafter referred to as the "2059 Design."



81.     The 2059 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

82.     Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 2059 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-938-357, attached as Exhibit A-6.

83.     Plaintiff has published the 2059 Design, and all copies of the 2059 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

84.     Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 2059 Design.

85.     Defendants have had access to Plaintiff's copyrighted 2059 Design.

86.     Defendants have distributed and/or sold in the United States products with the design as depicted below.



87.    The design depicted above is a copy of Plaintiff's copyrighted 2059 Design.

88.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 2059 Design.

89.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 2059 Design.

90.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 2059 Design.

**Seventh Cause of Action: TX118 Design Copyright Infringement**

91.    Prior to January 1, 2011, Plaintiff created an original design shown below and hereinafter referred to as the "TX118 Design."



92.    The TX118 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

93.    Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the TX118 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-937-240, attached as Exhibit A-7.

94.    Plaintiff has published the TX118 Design, and all copies of the TX118 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

95.    Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the TX118 Design.

96.    Defendants have had access to Plaintiff's copyrighted TX118 Design.

97.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



98. The design depicted above is a copy of Plaintiff's copyrighted TX118 Design.

99. Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted TX118 Design.

100. Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its TX118 Design.

101.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the TX118 Design.

**Eighth Cause of Action: 26023 Design Copyright Infringement**

102.    Prior to January 1, 2011, Plaintiff created an original design shown below and hereinafter referred to as the "26023 Design."



103.    The 26023 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

104.    Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, et seq., secured exclusive rights and privileges in and to the copyright of the 26023 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-937-244, attached as Exhibit A-8.

105.    Plaintiff has published the 26023 Design, and all copies of the 26023 Design made by Plaintiff or under its authority or license have been published in strict

conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

106.    Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 26023 Design.

107.    Defendants have had access to Plaintiff's copyrighted 26023 Design.

108.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



109.    The design depicted above is a copy of Plaintiff's copyrighted 26023 Design.

110.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 26023 Design.

111.   Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 26023 Design.

112.   Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 26023 Design.

### Ninth Cause of Action: 465 Design Copyright Infringement

113.   Prior to January 1, 2013, Plaintiff created an original jewelry design shown below and hereinafter referred to as the "465 Design."



114.   The 465 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

115.   Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the

copyright of the 465 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-936-572, attached as Exhibit A-9.

116.   Plaintiff has published the 465 Design, and all copies of the 465 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

117.   Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 465 Design.

118.   Defendants have had access to Plaintiff's copyrighted 465 Design.

119.   Defendants have distributed and/or sold in the United States products with the design as depicted below.



120.   The design depicted above is a copy of Plaintiff's copyrighted 465 Design.

121.   Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 465 Design.

122.   Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 465 Design.

123.   Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 465 Design.

## <u>Tenth Cause of Action: 792 Design Copyright Infringement</u>

124.   Prior to December 4, 2012, Plaintiff created an original jewelry design shown below and hereinafter referred to as the "792 Design."



125.   The 792 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

126.   Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 792 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-936-931, attached as Exhibit A-10.

127.   Plaintiff has published the 792 Design, and all copies of the 792 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

128.    Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 792 Design.

129.    Defendants have had access to Plaintiff's copyrighted 792 Design.

130.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



131.    The design depicted above is a copy of Plaintiff's copyrighted 792 Design.

132.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 792 Design.

133.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 792 Design.

134.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 792 Design.

**Eleventh Cause of Action: 3062 Design Copyright Infringement**

135.   Prior to January 1, 2013, Plaintiff created an original jewelry design shown

below and hereinafter referred to as the "3062 Design."



136.   The 3062 Design contains material wholly original with Plaintiff and is

copyrightable subject matter under the laws of the United States.

137.   Plaintiff has complied in all respects with the Copyright Laws of the United

States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the

copyright of the 3062 Design, and received from the Register of Copyrights a certificate

of registration, Class VA, No. 1-937-470, attached as Exhibit A-11.

138.   Plaintiff has published the 3062 Design, and all copies of the 3062 Design

made by Plaintiff or under its authority or license have been published in strict

conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. §

101, *et seq.*

139.    Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 3062 Design.

140.    Defendants have had access to Plaintiff's copyrighted 3062 Design.

141.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



142.    The design depicted above is a copy of Plaintiff's copyrighted 3062 Design.

143.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 3062 Design.

144.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 3062 Design.

145.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 3062 Design.

### Twelfth Cause of Action: 263 Design Copyright Infringement

146.    Prior to August 26, 2011, Plaintiff created an original design shown below and hereinafter referred to as the "263 Design."



147.   The 263 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

148.   Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 263 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-936-928, attached as Exhibit A-12.

149.   Plaintiff has published the 263 Design, and all copies of the 263 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

150.   Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 263 Design.

151.   Defendants have had access to Plaintiff's copyrighted 263 Design.

152.   Defendants have distributed and/or sold in the United States products with the design as depicted below.



153.    The design depicted above is a copy of Plaintiff's copyrighted 263 Design.

154.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 263 Design.

155.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 263 Design.

156.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 263 Design.

**Thirteenth Cause of Action: 943 Design Copyright Infringement**

157.    Prior to January 1, 2010, Plaintiff created an original design shown below and hereinafter referred to as the "943 Design."



158.    The 943 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

159.    Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 943, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-937-970, attached as Exhibit A-13.

160.    Plaintiff has published the 943 Design, and all copies of the 943 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

161.    Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 943 Design.

162.    Defendants have had access to Plaintiff's copyrighted 943 Design.

163.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



164.    The design depicted above is a copy of Plaintiff's copyrighted 943 Design.

165.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 943 Design.

166.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 943 Design.

167.    Defendants' acts of infringement were committed willfully and with   actual or constructive knowledge of Plaintiff's copyright in the 943 Design.

**Fourteenth Cause of Action: 558 Design Copyright Infringement**

168.    Prior to August 26, 2011, Plaintiff created an original design shown below and hereinafter referred to as the "558 Design."



169.   The 558 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

170.   Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 558 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-936-933, attached as Exhibit A-14.

171.   Plaintiff has published the 558 Design, and all copies of the 558 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

172.   Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 558 Design.

173.   Defendants have had access to Plaintiff's copyrighted 558 Design.

174.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



175.    The design depicted above is a copy of Plaintiff's copyrighted 558 Design.

176.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 558 Design.

177.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 558 Design.

178.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 558 Design.

**Fifteenth Cause of Action: 965 Design Copyright Infringement**

179.    Prior to November 1, 2012, Plaintiff created an original design shown below and hereinafter referred to as the "965 Design."



180.    The 965 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

181.    Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 965 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-937-577, attached as Exhibit A-15.

182.    Plaintiff has published the 965 Design, and all copies of the 965 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

183.    Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 965 Design.

184.    Defendants have had access to Plaintiff's copyrighted 965 Design.

185.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



186.    The design depicted above is a copy of Plaintiff's copyrighted 965 Design.

187.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 965 Design.

188.   Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 965 Design.

189.   Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 965 Design.

### Sixteenth Cause of Action: 947 Design Copyright Infringement

190.   Prior to April 27, 2011, Plaintiff created an original design shown below and hereinafter referred to as the "947 Design."



191.   The 947 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

192.   Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 947 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-937-059, attached as Exhibit A-16.

193.    Plaintiff has published the 947 Design, and all copies of the 947 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

194.    Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 947 Design.

195.    Defendants have had access to Plaintiff's copyrighted 947 Design.

196.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



197.    The design depicted above is a copy of Plaintiff's copyrighted 947 Design.

198.   Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 947 Design.

199.   Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 947 Design.

200.   Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 947 Design.

### Seventeenth Cause of Action: 518 Design Copyright Infringement

201.   Prior to August 9, 2010, Plaintiff created an original design shown below and hereinafter referred to as the "518 Design."



202.   The 518 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

43

203.    Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 518 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-936-926, attached as Exhibit A-17.

204.    Plaintiff has published the 518 Design, and all copies of the 518 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

205.    Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 518 Design.

206.    Defendants have had access to Plaintiff's copyrighted 518 Design.

207.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



208.    The design depicted above is a copy of Plaintiff's copyrighted 518 Design.

209.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 518 Design.

210.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 518 Design.

211.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 518 Design.

**Eighteenth Cause of Action: 779 Design Copyright Infringement**

212.    Prior to August 26, 2011, Plaintiff created an original design shown below and hereinafter referred to as the "779 Design."



213.    The 779 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

45

214.    Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 779 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-936-932, attached as Exhibit A-18.

215.    Plaintiff has published the 779 Design, and all copies of the 779 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

216.    Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 779 Design.

217.    Defendants have had access to Plaintiff's copyrighted 779 Design.

218.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



219. The design depicted above is a copy of Plaintiff's copyrighted 779 Design.

220. Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 779 Design.

221. Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 779 Design.

222. Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 779 Design.

## Nineteenth Cause of Action: 778 Design Copyright Infringement

223.    Prior to January 1, 2011, Plaintiff created an original design shown below and hereinafter referred to as the "778 Design."



224.    The 778 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

225.    Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 778 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-937-516, attached as Exhibit A-19.

226.    Plaintiff has published the 778 Design, and all copies of the 778 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

227.   Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 778 Design.

228.   Defendants have had access to Plaintiff's copyrighted 778 Design.

229.   Defendants have distributed and/or sold in the United States products with the design as depicted below.



230.   The design depicted above is a copy of Plaintiff's copyrighted 778 Design.

231.   Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 778 Design.

232.   Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 778 Design.

233.   Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 778 Design.

**Twentieth Cause of Action: 14090 Design Copyright Infringement**

234.    Prior to January 1, 2011, Plaintiff created an original design shown below and hereinafter referred to as the "14090 Design."



235.    The 14090 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

236.    Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 14090 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-936-594, attached as Exhibit A-20.

237.    Plaintiff has published the 14090 Design, and all copies of the 14090 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

238.   Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 14090 Design.

239.   Defendants have had access to Plaintiff's copyrighted 14090 Design.

240.   Defendants have distributed and/or sold in the United States products with the design as depicted below.



241.   The design depicted above is a copy of Plaintiff's copyrighted 14090 Design.

242.   Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 14090 Design.

243.   Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 14090 Design.

244.   Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 14090 Design.

**Twenty-First Cause of Action: 8008G Design Copyright Infringement**

245.   Prior to January 1, 2011, Plaintiff created an original design shown below and hereinafter referred to as the "8008G Design."



246.    The 8008G Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

247.    Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 8008G Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-940-991, attached as Exhibit A-21.

248.    Plaintiff has published the 8008G Design, and all copies of the 8008G Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

249.    Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 8008G Design.

250.    Defendants have had access to Plaintiff's copyrighted 8008G Design.

251.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



252.    The design depicted above is a copy of Plaintiff's copyrighted 8008G Design.

253.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 8008G Design.

254.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 8008G Design.

255.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 8008G Design.

**Twenty-Second Cause of Action: 12035 Design Copyright Infringement**

256.    Prior to January 1, 2011, Plaintiff created an original design shown below and hereinafter referred to as the "12035 Design."



257.    The 12035 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

258.    Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 12035 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-940-340, attached as Exhibit A-22.

259.    Plaintiff has published the 12035 Design, and all copies of the 12035 Design made by Plaintiff or under its authority or license have been published in strict

conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

260.   Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 12035 Design.

261.   Defendants have had access to Plaintiff's copyrighted 12035 Design.

262.   Defendants have distributed and/or sold in the United States products with the design as depicted below.



263.   The design depicted above is a copy of Plaintiff's copyrighted 12035 Design.

264.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 12035 Design.

265.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 12035 Design.

266.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 12035 Design.

### Twenty-Third Cause of Action: 23038 Design Copyright Infringement

267.    Prior to January 1, 2011, Plaintiff created an original design shown below and hereinafter referred to as the "23038 Design."



268.    The 23038 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

269.     Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 23038 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-938-359, attached as Exhibit A-23.

270.     Plaintiff has published the 23038 Design, and all copies of the 23038 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

271.     Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 23038 Design.

272.     Defendants have had access to Plaintiff's copyrighted 23038 Design.

273.     Defendants have distributed and/or sold in the United States products with the design as depicted below.



274.   The design depicted above is a copy of Plaintiff's copyrighted 23038 Design.

275.   Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 23038 Design.

276.   Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 23038 Design.

277.   Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 23038 Design.

### Twenty-Fourth Cause of Action: 2079 Design Copyright Infringement

278.   Prior to January 1, 2013, Plaintiff created an original design shown below and hereinafter referred to as the "2079 Design."



279.    The 2079 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

280.    Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 2079 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-939-451, attached as Exhibit A-24.

281.    Plaintiff has published the 2079 Design, and all copies of the 2079 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

282.    Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 2079 Design.

283.    Defendants have had access to Plaintiff's copyrighted 2079 Design.

284.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



285.    The design depicted above is a copy of Plaintiff's copyrighted 2079 Design.

286.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 2079 Design.

287.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 2079 Design.

288.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 2079 Design.

**Twenty-Fifth Cause of Action: 271 Design Copyright Infringement**

289.    Prior to August 11, 2011, Plaintiff created an original design shown below and hereinafter referred to as the "271 Design."



290.    The 271 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

291.    Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 271 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-941-587, attached as Exhibit A-25.

292.    Plaintiff has published the 271 Design, and all copies of the 271 Design made by Plaintiff or under its authority or license have been published in strict

conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

293.    Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 271 Design.

294.    Defendants have had access to Plaintiff's copyrighted 271 Design.

295.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



296.    The design depicted above is a copy of Plaintiff's copyrighted 271 Design.

297.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 271 Design.

298.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 271 Design.

299.   Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 271 Design.

### Twenty-Sixth Cause of Action: 1002 Design Copyright Infringement

300.   Prior to September 7, 2010, Plaintiff created an original design shown below and hereinafter referred to as the "1002 Design."



301.   The 1002 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

302.   Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 1002 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-941-805, attached as Exhibit A-26.

303.   Plaintiff has published the 1002 Design, and all copies of the 1002 Design made by Plaintiff or under its authority or license have been published in strict

conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

304.   Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 1002 Design.

305.   Defendants have had access to Plaintiff's copyrighted 1002 Design.

306.   Defendants have distributed and/or sold in the United States products with the design as depicted below.



307.   The design depicted above is a copy of Plaintiff's copyrighted 1002 Design.

308.   Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 1002 Design.

309.   Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 1002 Design.

310.   Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 1002 Design.

### Twenty-Seventh Cause of Action: 612 Design Copyright Infringement

311.   Prior to August 9, 2010, Plaintiff created an original design shown below and hereinafter referred to as the "612 Design."



312.   The 612 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

313.   Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. §101, *et seq.*, secured exclusive rights and privileges in and to the

copyright of the 612 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-949-982, attached as Exhibit A-27.

314.    Plaintiff has published the 612 Design, and all copies of the 612 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. §101, *et seq.*

315.    Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 612 Design.

316.    Defendants have had access to Plaintiff's copyrighted 612 Design.

317.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



318.    The design depicted above is a copy of Plaintiff's copyrighted 612 Design.

319.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 612 Design.

320.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S. §401, in its 612 Design.

321.    Defendant's acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 612 Design.

### Twenty-Eighth Cause of Action:  1029P Design Copyright Infringement

322.    Prior to August 17, 2012, Plaintiff created an original design shown below and hereinafter referred to as the "1029P Design."



323.    The 1029P Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

324.    Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. §101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 1029P Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-949-983, attached as Exhibit A-28.

325.    Plaintiff has published the 1029P Design, and all copies of the 1029P Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. §101, *et seq.*

326.    Plaintiff is the sole owner of all rights, title, and interest in and to the copyright of the 1029P Design.

327.    Defendants have had access to Plaintiff's copyrighted 1029P Design.

328.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



329.    The design depicted above is a copy of Plaintiff's copyrighted 1029P Design.

330.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 1029P Design.

331.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 1029P Design.

332.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 1029P Design.

### Twenty-Ninth Cause of Action:   12051 Design Copyright Infringement

333.    Prior to December 2, 2010, Plaintiff created an original design shown below and hereinafter referred to as the "12051 Design."



71

334.    The 12051 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

335.    Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. §101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 12051 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-950-743, attached as Exhibit A-29.

336.    Plaintiff has published the 12051 Design, and all copies of the 12051 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. §101, *et seq.*

337.    Plaintiff is the sole owner of all rights, title and interest in and to the copyright of the 12051 Design.

338.    Defendants have had access to Plaintiff's copyrighted 12051 Design.

339.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



340.    The design depicted above is a copy of Plaintiff's copyrighted 12051 Design.

341.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 12051 Design.

342.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 12051 Design.

343.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 12051 Design.

### Thirtieth Cause of Action: 1116 Design Copyright Infringement

344.    Prior to August 17, 2012, Plaintiff created an original design shown below and hereinafter referred to as the "1116 Design."



345.   The 1116 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

346.   Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. §101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 1116 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-944-280, attached as Exhibit A-30.

347.   Plaintiff has published the 1116 Design, and all copies of the 1116 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.SC. §101, *et seq.*

348.   Plaintiff is the sole owner of all rights, title and interest in and to the copyright of the 1116 Design.

349.   Defendants have had access to Plaintiff's copyrighted 1116 Design.

350.   Defendants have distributed and/or sold in the United States products with the design as depicted below.



351.   The design depicted above is a copy of Plaintiff's copyrighted 1116 Design.

352.   Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 1116 Design.

353.   Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 1116 Design.

354.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 1116 Design.

### Thirty-First Cause of Action: 405 Design Copyright Infringement

355.    Prior to August 9, 2010, Plaintiff created an original design shown below and hereinafter referred to as the "405 Design."



356.    The 405 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

357.    Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. §101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 405 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-944-285, attached as Exhibit A-31.

358.    Plaintiff has published the 405 Design, and all copies of the 405 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United states, 17 U.S.C. §101, *et seq.*

359.    Plaintiff is the sole owner of all rights, title and interest in and to the copyright of the 405 Design.

360.    Defendants have had access to Plaintiff's copyrighted 405 Design.

361.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



362.    The design depicted above is a copy of Plaintiff's copyrighted 405 Design.

363.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 405 Design.

364.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 405 Design.

365.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 405 Design.

**Thirty-Second Cause of Action: 8024 Design Copyright Infringement**

366.    Prior to December 2, 2010, Plaintiff created an original design shown below and hereinafter referred to as the "8024 Design."



367.    The 8024 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

368.    Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. §101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 8024 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-944-261, attached as Exhibit A-32.

369.    Plaintiff has published the 8024 Design, and all copies of the 8024 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. §101, *et seq.*

370.    Plaintiff is the sole owner of all rights, title and interest in and to the copyright of the 8024 Design.

371.    Defendants have had access to Plaintiff's copyrighted 8024 Design.

372.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



373.    The design depicted above is a copy of Plaintiff's copyrighted 8024 Design.

374.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 8024 Design.

375.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 8024 Design.

376.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 8024 Design.

### **Thirty-Third Cause of Action: 8030 Design Copyright Infringement**

377.    Prior to December 2, 2010, Plaintiff created an original design shown below and hereinafter referred to as the "8030 Design."



378.    The 8030 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

379.    Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. §101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 8030 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-944-269, attached as Exhibit A-33.

380.    Plaintiff has published the 8030 Design, and all copies of the 8030 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. §101, *et seq.*

381.    Plaintiff is the sole owner of all rights, title and interest in and to the copyright of the 8030 Design.

382.    Defendants have had access to Plaintiff's copyrighted 8030 Design.

383.   Defendants have distributed and/or sold in the United States products with the design as depicted below.



384.   The design depicted above is a copy of Plaintiff's copyrighted 8030 Design.

385.   Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 8030 Design.

386.   Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 8030 Design.

387.   Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 8030 Design

**Thirty-Fourth Cause of Action: 1111 Design Copyright Infringement**

388.   Prior to January 1, 2010, Plaintiff created an original design shown below and hereinafter referred to as the "1111 Design."



389.   The 1111 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

390.   Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. §101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 1111 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-937-525, attached as Exhibit A-34.

391.   Plaintiff has published the 1111 Design, and all copies of the 1111 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. §101, *et seq.*

392.   Plaintiff is the sole owner of all rights, title and interest in and to the copyright of the 1111 Design.

393.   Defendants have had access to Plaintiff's copyrighted 1111 Design.

394.   Defendants have distributed and/or sold in the United States products with the design as depicted below.



395.   The design depicted above is a copy of Plaintiff's copyrighted 1111 Design.

396.   Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 1111 Design.

397.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 1111 Design.

398.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 1111 Design.

**Thirty-Fifth Cause of Action: 917 Design Copyright Infringement**

399.    Prior to December 15, 2010, Plaintiff created an original design shown below and hereinafter referred to as the "917 Design."



400.    The 917 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

401.    Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. §101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 917 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-942-902, attached as Exhibit A-35.

402.    Plaintiff has published the 917 Design, and all copies of the 917 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. §101, *et seq.*

403.    Plaintiff is the sole owner of all rights, title and interest in and to the copyright of the 917 Design.

404.    Defendants have had access to Plaintiff's copyrighted 917 Design.

405.    Defendants have distributed and/or sold in the United States products with the design as depicted below.



406.    The design depicted above is a copy of Plaintiff's copyrighted 917 Design.

407.    Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 917 Design.

408.   Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 917 Design.

409.   Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 917 Design.

### Thirty-Sixth Cause of Action: 12039 Design Copyright Infringement

410.   Prior to January 1, 2011, Plaintiff created an original design shown below and hereinafter referred to as the "12039 Design."



411.   The 12039 Design contains material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

412.   Plaintiff has complied in all respects with the Copyright Laws of the United States, 17 U.S.C. §101, *et seq.*, secured exclusive rights and privileges in and to the copyright of the 12039 Design, and received from the Register of Copyrights a certificate of registration, Class VA, No. 1-940-340, attached as Exhibit A-36.

413.   Plaintiff has published the 12039 Design, and all copies of the 12039 Design made by Plaintiff or under its authority or license have been published in strict conformity with the provisions of the Copyright Laws of the United States, 17 U.S.C. §101, *et seq.*

414.   Plaintiff is the sole owner of all rights, title and interest in and to the copyright of the 12039 Design.

415.   Defendants have had access to Plaintiff's copyrighted 12039 Design.

416.   Defendants have distributed and/or sold in the United States products with the design as depicted below.



417.   The design depicted above is a copy of Plaintiff's copyrighted 12039 Design.

418.   Defendants' distribution and/or sales in the United States of products bearing this design without authorization from Plaintiff infringes Plaintiff's copyrighted 12039 Design.

419.    Plaintiff has provided notice of its copyrights, consistent with 17 U.S.C. §401, in its 12039 Design.

420.    Defendants' acts of infringement were committed willfully and with actual or constructive knowledge of Plaintiff's copyright in the 12039 Design.

## CLAIM TWO

## Federal Unfair Competition

421.    Emory repeats and realleges paragraphs 1 through 421 above, as if fully set forth herein.

422.    Defendants are promoting and selling products that directly compete with Emory's products, and are doing so with the representation that they are an "Officially Licensed Greek Company" that pays a percentage of gross sales as a royalty to national Greek-letter organizations.

423.    Defendants are promoting and selling products that directly compete with Emory's products at colleges and universities.

424.    Defendants' products bear materials owned by Greek and college organizations, including trademarks.

425.    Upon information and belief, Defendants do not pay royalties or license fees relating to the use of Greek and college materials in all cases.

426.    Defendants are promoting and selling products that directly compete with Emory's products, and are doing so with the representation that any design artwork is original, "free," and included in the price of their products.

427.   Emory, as a bona fide "Officially Licensed Greek Company" and college licensed company, pays license fees and royalties to national Greek-letter organizations, as well as college organizations.

428.   Emory designs and develops its original artwork at great effort and expense.

429.   As a direct consequence of Defendants' actions and misrepresentations, consumers have been, and are likely to continue to be, deceived.

430.   Defendants' actions and misrepresentations constitute false advertising and unfair competition in violation of 15 U.S.C. § 1125(a).

431.   As a direct and proximate result of the Defendants' unlawful and willful acts and practices as described above, Emory has sustained actual damages, which it is entitled to recover from Defendants, along with punitive and/or enhanced damages as provided for by law, as well as such attorneys' fees and costs as are provided for by law.

## **Request for Relief**

WHEREFORE, Plaintiff respectfully requests the entry of judgment against Defendants providing the following relief:

(A)    A finding that Defendants have infringed Emory's registered copyrights;

(B)    An injunction permanently prohibiting Defendants, including their officers, directors, principals, agents, servants, employees, heirs, personal representatives, executors, successors, and assigns, and all those in active concert or participation with them, from reproducing, imitating, copying, or making any unauthorized use of the Emory's copyrighted works, or any predecessors or derivatives thereof in any manner,

and from publishing, distributing, selling, advertising, marketing, manufacturing or otherwise disposing of any copies or derivatives of Emory's copyrighted works, and predecessors or derivatives thereof, including, but not limited to, the infringed works as identified in this Complaint;

(C)    An order directing Defendants to deliver up to be impounded, during the pendency of this action under 17 U.S.C. §503 and 15 U.S.C. §1118, all copies or derivatives of the copyrighted works and infringing goods, or of any predecessors or derivatives thereof, in Defendants' possession or under Defendants' control, and to deliver up for destruction all infringing goods, copies and all devices used for making such infringing copies;

(D)    An order awarding Emory its damages resulting from Defendants' copyright infringement, as either (a) actual damages and Defendants' profits derived from or related to their infringement or (b) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Emory's election before entry of final judgment, together with enhancements and pre-judgment and post-judgment interest;

(E)    An order requiring Defendants to account for gains, profits, and advantages that they derived from and related to their infringements of Emory's copyrights under 17 U.S.C. § 504(b) and their unfair competition under 15 U.S.C. §1117;

(G)    An order awarding Emory the greater of three times Defendants' profits and three times any damages sustained by Emory, and prejudgment interest.

(H)    An order awarding punitive damages to Emory;

(I)     An order requiring Defendants to deliver up and/or destroy all labels, signs, prints, packages, wrappers, containers, websites, and advertisements in their possession bearing any word, term, name, symbol, device, combination thereof, designation, description, or representation that is found in violation of the Lanham Act, or any reproduction, counterfeit, copy or colorable imitation thereof.

(J)     Pursuant to 15 U.S.C. §1116, an order requiring Defendants to file and serve a report under oath within thirty days of the issuance of injunctive relief indicating the manner in which they have complied with any injunctive relief ordered by the Court;

(K)     An order awarding Emory its reasonable attorney's fees and costs in prosecuting this action, pursuant to 17 U.S.C. § 505 and/or 35 U.S.C. § 1117; and

(L)     An order awarding Emory such other and further relief, either at law or in equity, general or special, to which they may be entitled.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury.

Respectfully submitted,

NEXSEN PRUET, LLC

April 30, 2015

_s/ Timothy D. St.Clair_
Timothy D. St. Clair (Fed. ID # 4270)
Sara C. Kanos (Fed. ID # 9978)
P. O. Drawer 10648
Greenville, South Carolina 29603
Telephone: (864) 282-1181
Facsimile: (864) 477-2634
E-Mail:  tstclair@nexsenpruet.com;
    skanos@nexsenpruet.com


William Y. Klett, III   (Fed. ID # 5610)
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, South Carolina 29202
Telephone:  803.253.8205
Facsimile:  803.727.1452
E-Mail: wklett@nexsenpruet.com


ATTORNEYS FOR PLAINTIFF