UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Standing Order for Cases Assigned to     )      Misc. No.
Judge Mary Geiger Lewis                 )
in which Nexsen Pruet, LLC Appears.     )
_____ )

This order applies to all cases in which Nexsen Pruet, LLC ("NP") enters an appearance, is named as a party, or is otherwise associated. Such cases present the potential for a conflict of interest because of the employment of the undersigned's son, William Camden Lewis ("Mr. Lewis") as an associate with NP effective October 31, 2014.

Judicial conflicts are governed by Canon 3C of the Code of Conduct for United States Judges which provides in pertinent part as follows:

C. Disqualification

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:

\* \* \*

(d) the judge or the judge's spouse, or a person related to either within the third degree of relationship, or the spouse of such a person is:

\* \* \*

(i) a party to the proceeding, or an officer, director, or trustee of a party;
(ii) acting as a lawyer in the proceeding; [or]
(iii) known by the judge to have an interest that could be substantially affected by the outcome of the proceeding . . . .

Canon 3C(1)(d)(i)-(iii). *See also* 28 U.S.C. § 455 (b)(5) (corresponding statutory language).

Because Mr. Lewis's employment is as an associate with no management responsibilities for other attorneys or equity interest in the firm, conflicts will normally be presented only under subpart (ii), and then only if Mr. Lewis performs work on a matter assigned to the undersigned or the matter otherwise involves Mr. Lewis's duties. Because work on a matter may not rise to the level of entry of an appearance, the court places an affirmative duty on NP to advise the court and opposing

counsel in the event Mr. Lewis performs any work in relation to a matter assigned to the undersigned or if the matter otherwise involves Mr. Lewis's duties. NP also has a duty to inform the court and opposing counsel if a matter assigned to the undersigned involves special circumstances which may have a substantial effect on any interest of Mr. Lewis's. Upon receipt of such notice, the matter will be reassigned. *See* Commentary to Canon 3C (1)(d)(ii) ("The fact that a lawyer in a proceeding is affiliated with a law firm with which a lawyer-relative of the judge is affiliated does not of itself disqualify the judge. However, if 'the judge's impartiality might reasonably be questioned' under Canon 3C(1), or the relative is known by the judge to have an interest in the law firm that could be 'substantially affected by the outcome of the proceeding' under Canon 3C(1)(d)(iii), the judge's disqualification is required."); Committee on Codes of Conduct Advisory Opinion No. 58 ("If the relative [of the judge to whom the matter is assigned] is an associate or non-equity partner and has not participated in the preparation or presentation of the case before the judge, and the relative's compensation is in no matter dependent upon the result of the particular case before the judge, recusal is not mandated.").

IT IS SO ORDERED.

s/ Mary G. Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

Spartanburg, South Carolina
November 5, 2014