

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| EMORY GROUP, LLC, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:15-01856-MGL |
| § | |
| SOUTH BY SEA, LLC, d/b/a/ Shirts for § | |
| Greeks, and BRANDON METCALF § | |
| Defendants. § | |

MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION TO DISMISS

## I.   INTRODUCTION

This case was filed as a copyright infringement action. In the Amended Complaint, Plaintiff Emory Group, LLC (Plaintiff), brings two claims against Defendant South by Sea, LLC (Defendant SBS) and its owner, Defendant Brandon Metcalf (Defendant Metcalf) (collectively, Defendants): (1) infringement of fifty of Plaintiff's copyrighted designs, and (2) Federal Unfair Competition. The Court has jurisdiction over the matter under 28 U.S.C. § 1331.

Pending before the Court is Defendants' Motion to Dismiss for Want of Personal Jurisdiction. Having carefully considered the motion, the response, the replies, the record, and the relevant law, it is the judgment of this Court that Defendants' Motion to Dismiss for Want of Personal Jurisdiction will be denied.

## II.   FACTUAL AND PROCEDURAL HISTORY

There are very few facts that are either established or pertinent to the Court's deciding upon Defendants' Motion to Dismiss. Suffice it to say that the parties are competitors in the area of collegiate apparel and, as set forth herein, Plaintiff alleges that Defendants have infringed on some of its copyrighted designs.

After Plaintiff filed its Amended Complaint, it filed a Motion for a Preliminary Injunction. Soon thereafter, Defendants filed this Motion to Dismiss, Plaintiff filed its Response, Defendants filed their reply, and Plaintiff filed its sur reply. Consequently, Defendants' Motion to Dismiss is now ripe for review.

## III.   STANDARD OF REVIEW

Because this court must exercise personal jurisdiction in the manner provided by state law, the court must first determine if South Carolina law would authorize jurisdiction over the defendants. If South Carolina law would permit jurisdiction, then the Court is required to decide whether exercise of jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997). South Carolina's long-arm statute, S.C. Code Ann. § 36-2-803, has been interpreted to reach the outer bounds permitted by the Due Process Clause. *Id*. Therefore, the district court's inquiry is whether the activities of the defendants were such that the court's exercise of jurisdiction over them would comport with due process. *See Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 135–36 (4th Cir. 1996). When deciding if personal jurisdiction exists, the Court views the facts in the light most favorable to the plaintiff. *Carefirst of MD, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

A district court's exercise of jurisdiction over a nonresident defendant comports with due process when the defendant has "minimum contacts with the forum, such that to require the defendant to defend its interests in that state does not offend traditional notions of fair play and substantial justice." *Id.* at 397 (citation omitted) (internal quotation marks omitted). The district court's inquiry regarding whether personal jurisdiction exists varies "depending on whether the defendant's contacts with the forum state also provide the basis for the suit." *Id*. In such a case, the court considers whether it has "specific" jurisdiction over the defendant by considering the following: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff['s] claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Id*. (citation omitted). In certain circumstances, South Carolina's long-arm statute will permit personal jurisdiction over individual defendants based on actions of an individual nonresident employee, officer, or director of a corporation. *See Columbia Briargate Co. v. First Nat'l Bank*, 713 F.2d 1052 (4th Cir. 1983).

In the Internet context, the Fourth Circuit has held that a district court sitting in diversity and seeking to determine whether it has specific jurisdiction over a defendant "may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002).

One "who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted and received. Such passive Internet activity does not generally include directing electronic activity into the State with the manifested intent of engaging business or other interactions in the State thus creating in a person within the State a potential cause of action cognizable in courts located in the State." *Id*. "[S]pecific jurisdiction in the Internet context may be based only on an out-of-state person's Internet activity directed at [South Carolina] and causing injury that gives rise to a potential claim cognizable in [South Carolina]." *Id.*

Lacking "specific jurisdiction," the court may consider whether it has "general jurisdiction" over the nonresident. General jurisdiction exists when the defendants' contacts with the state are not the basis for the suit, but defendants' contacts with the state afford jurisdiction because they are "general [and] more persistent." *Carefirst*, 334 F.3d at 397. To establish general jurisdiction, "the defendant's activities in the state must have been 'continuous and systematic.' " *Id*. (quoting *ALS Scan*, 293 F.3d at 712.

**IV.    CONTENTIONS OF THE PARTIES**

Plaintiff avows this Court has personal jurisdiction, both specific and general jurisdiction, over Defendants. Plaintiff claims that Defendants have employed thirteen campus representatives at some of South Carolina's major universities, including Clemson University, the University of South Carolina, and the College of Charleston; and these representatives hold themselves out as working for Defendants. According to Plaintiff, these campus representatives direct potential buyers to Defendants' Facebook pages specific to South Carolina so that the potential buyers can learn about

how Defendant SBS can help them. Plaintiff states that Defendants also use other forms of social media to promote Plaintiff's designs, including Instagram, Twitter and Pinterest. Plaintiff contends that, in promoting and selling Defendants' products, Defendants' representatives have the authority to bind Defendants. Plaintiff also avers that Defendants have sold a significant amount of goods in South Carolina. Further, Plaintiff propounds that Defendants have promoted at least twelve of Plaintiff's designs, which have been infringed by being copied in South Carolina.

Defendants, of course, aver that this Court does not have personal jurisdiction, neither specific nor general jurisdiction, over them. According to Defendant Metcalf, Defendants have created 23,141 unique designs since Defendant SBS began, and Plaintiff makes allegations about just fifty of them. Defendant Metcalf also states that he has never been to South Carolina for business purposes and that Defendant SBS has had no substantial contacts within this jurisdiction. Further, Defendant Metcalf maintains that Defendant SBS is neither incorporated nor registered in South Carolina, it has no place of business in South Carolina, it does not reside in South Carolina, and it has no employees in South Carolina. Defendant Metcalf asserts that $148,790.57 of Defendants' national sales, or just a little over one percent, occurred in South Carolina. Defendant Metcalf also attests that Defendants sold none of the alleged copies of Plaintiff's designs in South Carolina.

**V.     DISCUSSION AND ANALYSIS**

Plaintiff argues that the Court has both specific and general jurisdiction over Defendants. The Court will begin by considering whether it has specific jurisdiction.

Under 17 U.S.C. § 501(a), "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 or of the author as provided in section 106A(a) . . . is an infringer of the copyright or right of the author." *Id*. "[E]xclusive rights," *id.*, as defined by 17 U.S.C. § 106, include the rights "to distribute copies . . . of the copyrighted work"; and "to display the copyrighted work publicly[.]" *Id*.

As noted above, this Court "may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *ALS Scan*, 293 F.3d at 714.

Applying *ALS Scan* to Plaintiff's allegations in this lawsuit, as to the first factor, Defendants direct electronic activity into South Carolina by displaying Plaintiff's copyrighted designs on Facebook pages, which are targeted to South Carolina. This is enough to satisfy the first element. Regarding the second factor, Defendants admit to $148,790.57 in sales in South Carolina. Therefore, in light of Plaintiff's allegations, any argument that Defendants are not intent on engaging in business in South Carolina fails. And finally, as to the third factor, Defendants are allegedly displaying Plaintiff's copyrighted materials on Defendants' South Carolina targeted website, an activity that creates a potential cause of action in the State's courts. Therefore, viewing the facts in the light most favorable to Plaintiff, this Court has specific personal jurisdiction over Defendants.

Although the parties's arguments and responses to each other's arguments generally refer to both Defendants as one in the same, to the extent that Defendant Metcalf contends that the Court does not have jurisdiction over him, the Court is unpersuaded.

Defendant Metcalf's claim that he has never traveled to South Carolina for business purposes is entirely irrelevant to the Court's consideration as to whether it has jurisdiction over him. "An

individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for the infringement." *Gershwin Publ'g Corp. v. Columbia Artists Mgt., Inc.*, 443 F.2d 1159, 1161-62 (2d Cir. 1971). Consequently, as the owner of Defendant SBS, the Court has specific jurisdiction over Defendant Metcalf.

Having decided that the Court has specific jurisdiction over Defendants, it need not address the parties' remaining arguments. "If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta." *Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994).

### VI.     CONCLUSION

Consequently, based on the foregoing discussion and analysis, Defendants' Motion to Dismiss for Want of Personal Jurisdiction is **DENIED**.

**IT IS SO ORDERED**.

Signed this 29th day of February, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE